ALEXANDER GONSKI v. STATE OF CONNECTICUT

EDWARD CHADUKIEWICZ v. STATE OF CONNECTICUT

SUPERIOR COURT     HARTFORD COUNTY     FILE NOS. 84814, 84813

Memorandum filed June 15, 1950.

*Wallace R. Burke,* of Hartford, for the Plaintiffs.

*Albert S. Bill,* State's Attorney, and *John S. Murtha,* both of Hartford, for the Defendant.

MELLITZ, J.   The petitioner in each of these cases seeks a new trial on the ground of newly discovered evidence.   Essentially the basis of each petition is the testimony given herein by Leo Bazylewicz to the effect that he committed perjury on the original trial in testifying as a witness for the state that the petitioners participated with him in the commission of certain crimes of which they eventually were convicted.

To entitle the petitioners to a new trial on the strength of the present testimony of Bazylewicz, it is not sufficient merely that Bazylewicz now appears to recant his former testimony.   The burden is upon the petitioners to establish that the newly discovered evidence, if offered at a new trial, would probably bring about a different result from that at the first trial.   *State* v. *Goldberger,* 118 Conn. 444, 457.   One of the requisites to be established by the petitioners is that the court be reasonably well satisfied that the testimony given by Bazylewicz at the original trial was false.   *Larrison* v. *United States,* 24 F. 2d 82, 87.   The court must be satisfied at least that there is a reasonable probability that the present testimony given by Bazylewicz, recanting his former testimony, is true.   *People* v. *Shilitano,* 218 N. Y. 161, 112 N. E. 733.

The testimony given under oath by Bazylewicz in support of the petitions was replete with charges that he gave his testimony at the original trial as a result of coercion, threats and force employed upon him by members of the state police department, and promises and inducements by the state's attorney and his staff.   These charges were inextricably intertwined with his ardent protestations that he was now telling the truth in recanting his former testimony.   The brief of the petitioners acknowledges these charges to be "without foundation" and attempts to explain them away as "probably due to an overwrought mind."   In effect, the petitioners take the position of urging the court to believe Bazylewicz when he testifies under oath that he perjured himself at the former trial, but to disbelieve him and give no credence to his fantastic charges, given under the same oath and at the same time, reflecting seriously upon the integrity of the state's attorney's office and the state police department.

Frequently while under cross-examination, when it appeared to serve his purpose, Bazylewicz took refuge behind a poor memory and his right to refuse to answer, on constitutional grounds, questions pertinent to the proceeding. His testimony does not impress the court as truthful or trustworthy, and was hardly of a nature to impress a jury at a new trial with its reliability. It was the type of testimony which could call forth the comment in the *Shilitano* case (p. 170): "There is no form of proof so unreliable as recanting testimony."

Moreover, whether or not a new trial should be granted must depend upon all the circumstances of the case, including the testimony of the witnesses presented by the state at the hearing on the present petition. *People* v. *Shilitano, supra.* Substantial counter testimony presented by the state through the witness Budaj, who did not testify at the original trial, tends to fortify and establish the truthfulness of the testimony given by Bazylewicz at that trial and to discredit his present testimony.

If a motive is to be sought for the position now taken by Bazylewicz, it may well be found in his studied and calculated effort to bring disrepute upon the state's attorney's office and the state police department, rather than, as suggested in the petitioners' brief, in a troubled conscience.

From all of the evidence presented, a conclusion is fairly warranted that the situation confronting a new jury would not differ materially from that upon which the jury at the first trial was called upon to act. *Pradlik* v. *State,* 131 Conn. 682, 687.

The petitions are denied.